IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marc Lee Bellucci,  )<br>  )<br>              Plaintiff, )<br>  )<br>v.  )<br>  )<br>Nancy Berryhill, Acting Commissioner of )<br>Social Security,  )<br>  )<br>              Defendant. )<br>_____ ) | C/A No. 0:17-3420-DCC<br><br><br>**OPINION AND ORDER** |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to a United States Magistrate Judge for pre-trial handling. On January 7, 2019, Magistrate Judge Paige J. Gossett issued a Report and Recommendation ("Report"), recommending that the decision of the Commissioner be affirmed. ECF No. 21. On January 22, 2019, Plaintiff filed Objections to the Report, and the Commissioner filed a Reply on February 5, 2019. ECF Nos. 22, 23.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1).

1

The role of the federal judiciary in the administrative scheme established by the Social Security Act ("the Act") is a limited one.  Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebreeze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  The court must uphold the Commissioner's decision as long as it was supported by substantial evidence and reached through the application of the correct legal standard.  *Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational."  *Vitek*, 438 F.2d at 1157–58.

## **BACKGROUND**

Plaintiff applied for DIB in July 2014, alleging that he had been disabled since April 1, 2013 due to multiple joint arthritis, brittle diabetes impairment, hypertensive cardiovascular disease/hypertension, glaucoma, and statutory blindness of the left eye.  Plaintiff's claim was denied initially and upon reconsideration, and he requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 15, 2017.  The ALJ

denied Plaintiff's claims in a decision issued on August 2, 2017. The Appeals Council denied Plaintiff's request for review, making the decision of the ALJ the final decision of the Commissioner.

## **DISCUSSION**

The Magistrate Judge recommends that the Court affirm the Commissioner's decision because it is supported by substantial evidence and the proper legal standards were applied. Plaintiff objects to the Report, claiming that the Magistrate erred in finding that the ALJ: (1) properly evaluated Plaintiff's past relevant work; (2) properly evaluated the opinion evidence; (3) properly evaluated Plaintiff's Residual Functional Capacity ("RFC"); and (4) properly evaluated Plaintiff's subjective symptomology. For the reasons detailed below, this Court agrees as to Plaintiff's second issue, respectfully declines to adopt the Report, and remands the case to the Commissioner. As this issue is dispositive of the appeal, the Court need not address Plaintiff's remaining issues, which may be addressed by the ALJ on remand.

Plaintiff takes issue with the ALJ's evaluation of the opinion of Dr. Joseph J. Papotto, Plaintiff's treating physician. The ALJ's decision reflects the following evaluation of Dr. Papotto's opinions:

> On October 1, 2014, Dr. Papotto submitted a treating source statement advising that the claimant's diabetes, glaucoma, left eye blindness, hypertension, and neuropathy would affect the claimant's functioning for twelve months. Dr. Papotto advised that the claimant can sit for less than an hour in a day; can stand or walk for less than an hour in a day; must change positions every fifteen minutes for ten minutes; can occasionally lift twenty pounds and frequently lift five pounds; can occasionally grasp and finger bilaterally; can rarely reach overhead bilaterally[;] would frequently experience pain interfering with concentration; would need unscheduled breaks every two hours for at least fifteen minutes; and would be absent more than three times a month. On November 20, 2015, Dr. Papotto advised that the claimant can sit for less than an hour an eight-hour

3

> workday, can stand or walk less than an hour in an eight-hour day; should changes (sic) position every twenty minutes for ten minutes; can occasionally lift twenty pounds or frequently lift ten pounds; can occasionally grasp, finger, and reach overhead bilaterally; would frequently experience symptoms severe enough to interfere with attention if placed in a competitive work environment; would require unscheduled rest breaks every twenty minutes for ten minutes; and would be absent from work more than three times a month.
>
> Dr. Papotto also submitted a letter stating that the claimant's symptoms were so severe that he cannot perform full-time work, function in a competitive work environment, has reached maximum medical benefit, and has a poor prognosis. Dr. Papotto is a long term treating physician and the undersigned agrees that these conditions are severe and would cause general exertional, postural, vision, [and] environmental limitations. However, the standing and walking limitations, the work schedule limitations, and the severity of the other limitations are not consistent with Dr. Papotto's negative clinical signs of normal peripheral vision visual acuity in the right eye, abdominal inspection, motor strength, muscle tone, peripheral joints, cardiac signs, gait, station, extremities (no edema, tenderness, cyanosis, varicosities), sensation, reflexes, pedal pulses, coordination, skin inspection (no rash, lesions, ulcer, etc.), and spinal inspection. The undersigned can give this opinion only partial weight.

ECF No. 9-2 at 18 (internal citations omitted). However, a closer look at Dr. Papotto's Disability Impairment Questionnaire indicates that he also diagnosed Plaintiff with Osteoarthritis. ECF No. 9-6 at 16. The ALJ disregards this "multi-joint pain" by noting "[t]here were no medical images to confirm joint degeneration." ECF No. 9-2 at 15. However, Dr. Papotto's treatment notes indicate that Plaintiff is uninsured and that he did not charge Plaintiff for every visit "to diminish cost prohibition." ECF No. 9-7 at 10. In fact, Dr. Papotto's treatment notes are replete with references to Plaintiff's financial limitations. *See,* ECF Nos. 9-7 at 18 ("talk about increasing pain med; alternative for nabumetone (too $)"), 59 ("still facing financial and residential challenges"), 65 ("hand lesion needs bx. but pt. has no money for it"); ECF No. 9-8 at 18 (noting that Plaintiff cannot afford physical therapy or chiropractic care), 57 ("Mr. Bellucci has been under my

care since 9/24/13. He presented with complaints of global joint and muscle pain . . . He was being seen every 3 months or sooner if needed depending on his ability to afford doctor visits (patient was uninsured)").

"The Social Security Administration states 'the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations' such as '[inability] to afford treatment and [lack of] access to free or low-cost medical services.'" *Craig v. Colvin*, No. 2:13-cv-27-BO, 2014 WL 2039591, at *3 (E.D.N.C. May 8, 2014) (quoting SSR 96-7p). Indeed, the Fourth Circuit has noted that "[a] claimant may not be penalized for failing to seek treatment she cannot afford; '[i]t flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him.'" *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986) (quoting *Gordon v. Schweiker*, 725 F.2d 231, 237 (4th Cir. 1984)).

Despite these well-established rules, the ALJ's decision does not address Plaintiff's financial limitations. Instead, the decision gives only partial weight to Dr. Papotto's opinion based partially on Plaintiff's failure to have any imaging tests done to confirm his osteoarthritis—a condition that certainly could support the physical limitations articulated by Dr. Papotto. *See, e.g.,* ECF No. 9-8 at 57 ("The patient cannot do full-time work, function in a competitive work environment and is otherwise completely disabled."). In light of the ALJ's failure to consider that important factor, the Court cannot determine whether the ALJ affording only partial weight to Dr. Papotto's opinion is supported by substantial evidence. Accordingly, the Court respectfully declines to adopt the Report and reverses the decision of the Commissioner.

5

## **CONCLUSION**

For the reasons set forth above, the Court respectfully declines to adopt the Report and remands this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

March 27, 2019
Spartanburg, South Carolina